

IN THE STARK COUNTY COURT OF COMMON PLEAS
CIVIL DIVISION

| | | |
|---|---|---|
| CHRISTOPHER VARNEY<br>2869 Alex Neal Circle SW<br>Canton, OH 44706, | : | 2010CV02502<br>Case No._____ |
| Plaintiff, | : | |
| v. | : | *Forchione* |
| PENNCRO ASSOCIATES, INC.<br>C/o CT Corporation System<br>1300 E. Ninth Street<br>Cleveland, OH 44114, | : | JUDGE_____ |
| and, | : | |
| JOHN DOES 1-2<br>Name Unknown<br>Address Unknown, | : | **JURY DEMAND ENDORSED HEREON** |
| Defendants. | : | |

**VERIFIED COMPLAINT**
**(Unlawful Debt Collection Practices)**

### I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal

bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Id.

## II. FACTUAL ALLEGATIONS

2. Plaintiff Christopher Varney is a natural person residing at 2869 Alex Neal Circle SW in the City of Canton, County of Stark, and State of Ohio.

3. Upon information and belief, Defendant is Penncro Associates, Inc., a Pennsylvania debt services company operating from an address at 95 James Way, Suite 113, Southampton, Pennsylvania 18966-3847 and doing business collecting debts in the State of Ohio.

4. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named in this caption.

5. All named Defendants and John Does 1 through 2 inclusive are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

8. Plaintiff Christopher Varney is a 29 year-old man who became over extended due to reduced employment hours while returning to further his education and subsequent loss in income.

9. Because of this problem, Plaintiff was unable to make payment on his Bank of America account with an alleged outstanding balance of approximately $5,000.00, which Plaintiff used for the personal, family, and household services of the Plaintiff (the alleged Debt).

10. At some time prior to February 9, 2010, the alleged Debt was consigned, placed, sold, or otherwise transferred to Defendants for collection from Plaintiff Christopher Varney.

11. On February 9, 2010; March 3, 2010; and March 30, 2010, Plaintiff's attorney, or his agents, informed Defendants in writing that Plaintiff was in fact represented by counsel, and that all communication must go through the undersigned law firm.

12. The Defendants had knowledge of the aforementioned representations, but contacted Plaintiff multiple times after receipt of the above documentation.

13. Defendants would call Plaintiff as many as five to six times per day seeking to collect the alleged debt.

14. Defendants communicated with Plaintiff even though Defendants had previously been directed to communicate only with Plaintiff's attorney or his agents on this matter.

15. Defendants communicated with Plaintiff even though it had previously received a letter from Plaintiff indicating that it should cease and desist all communications with Plaintiff.

16. This is a pattern and practice of Defendants to ignore requests to cease and desist communication, speak with a consumer known to be represented by counsel, call continuously, and to continue to collect in violation of the FDCPA.

17. Defendant's agents were acting with the knowledge, consent and at the direction of the Defendant Penncro Associates, Inc.

18. Defendant Penncro Associates, Inc. is thereby responsible for the actions of their agents under the doctrine of respondeat superior.

19. As a result of Defendants' actions, Plaintiff suffered emotional distress.

### III. FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

20. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

21. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

   (b) Defendants violated 15 U.S.C. § 1692c(a)(2) by directly contacting Plaintiff after receiving written notification of the law firm's representation with respect to such debt.

   (c) Defendants violated 15 U.S.C. § 1692c by continuing to communicate with the debtor after receipt of notice to cease communications.

   (d) Defendants violated 15 U.S.C. § 1692e by using a false, deceptive, and misleading means in connection with the collection of a debt.

(e) Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt.

(f) Defendants violated 15 U.S.C. § 1692d(5) by causing the telephone to ring repeatedly with the intent to annoy, abuse, or harass Plaintiff.

22. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, as well as Plaintiff's actual damages, statutory damages, attorney's fees and costs pursuant to 15 U.S.C. § 1692k in an amount in excess of $15,000.00, of which the exact amount will be proven at trial.

## IV.    SECOND CLAIM FOR RELIEF

### (Invasion of Privacy by Intrusion Upon Seclusion)

23. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

24. That Defendant Penncro Associates, Inc. and John Does 1-2, invaded Plaintiff's privacy in the following respects:

(a) Defendants intentionally interfered physically and otherwise with the private concerns and affairs of Plaintiff by calling him repeatedly, especially after receiving notice of Plaintiff's legal representation and request to cease and desist communication.

(b) That Plaintiff had a reasonable expectation of privacy at his residence.

(c) That this intrusion occurred in a way that is highly offensive to a reasonable person in the position of Plaintiff.

25. That by reason of the invasion of privacy by intrusion upon seclusion, Plaintiff have been damaged in an amount to be proven at trial.

26. The conduct of Defendants has been sufficiently outrageous as to entitle Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    a. Declaratory judgment that Defendants' conduct violated the FDCPA;

    b. Statutory damages pursuant to 15 U.S.C. § 1692k;

    c. Actual damages;

    d. Punitive damages;

    e. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    f. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**LUFTMAN, HECK & ASSOCIATES, LLP**

_/s/ Scott C. Florin_
Scott C. Florin (0080255)
580 East Rich Street
Columbus, Ohio  43215
Phone: (614) 224-1500
Fax:    (614) 224-2894
Attorney for Plaintiff
sflorin@lawLH.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Christopher Varney demands trial by jury in this action.

_____
Scott C. Florin (0080255)

## VERIFICATION OF COMPLAINT

State of _Ohio_

County of _Stark_, to wit:

_Christopher Varney_, the Complainant named in the foregoing Complaint being duly sworn, says that the facts and allegations contained therein are true, except so far as they are therein stated to be on information, and that, so far as they are therein stated to be on information, she/he believes them to be true.

_[signature]_
Complainant (signature)

Taken, sworn to and subscribed before me this _29th_ day of _June_, 2010.

_[signature]_
Notary Public

AMY DRAGOMIER, NOTARY
STATE OF OHIO
MY COMMISSION EXPIRES: 05/31/14

Varney v. Penncro Associates, et al.
Complaint

8